UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD TRESSLER,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
                                          /

No. 06-12817

District Judge Bernard A. Friedman

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss [Docket #8], based on the statute of limitations for Social Security appeals, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's Motion be DENIED.

**I.   PROCEDURAL HISTORY**

Plaintiff Richard Tessler filed applications for Social Security Disability Benefits (DIB) and Supplemental Security Income (SSI) on February 6, 2003. Following denial, he timely requested an administrative hearing, which was held before an Administrative Law Judge (ALJ) on February 9, 2005. The ALJ issued a decision denying benefits on August 24, 2005. Plaintiff then timely appealed to the Appeals Council, which issued a decision on April 19, 2006.

-1-

Plaintiff's counsel has stated, both in his written pleadings and at oral argument on August 7, 2007, that on Wednesday, June 21, 2006, he mailed Plaintiff's Complaint to this Court, from Ypsilanti, Michigan. As discussed below, this was two days prior to the expiration of the 60-day statute of limitations for Social Security appeals. The court docket entries in this case reflect that the Complaint was docketed on Monday, June 26, 2006. The scanned image of the Complaint reflects that it was docketed at 9:54 a.m. on June 26th.

## II. DISCUSSION

### A. The Complaint was Timely Filed

Under 42 U.S.C. §405(g), a claimant who seeks judicial review of a Social Security or SSI decision may do so "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow." Further, Social Security Regulations define "mailing" as the date the claimant receives the Appeals Council's notice. *See* 20 C.F.R. §§422.210(c), 404.981. The date of receipt is presumptively five days after the date of the Appeals Council's notice. *See* 20 C.F.R. §§404.901, 422.210(c).

In the present case, given that the Appeals Council's notice was dated April 19, 2006, and adding the five days for mailing, the parties agree that the 60-day statute of limitations expired on Friday, June 23, 2006. Because the docket sheet indicates that the Complaint was filed on Monday, June 26, 2006, it might appear that the Plaintiff missed the statute of limitations by one business day.

However, things are not always as they appear from docket sheets. An examination of the scanned image of the Complaint [Docket #1] shows not only a filing date of June 26th, but also a time of 9:54 a.m. This Court takes notice that the Clerk's Office does not generally receive the day's mail until after 2:00 p.m. Therefore, the Complaint would have been delivered to the Court on the afternoon of June 23rd, on the last day before the statute of limitations expired, but was not scanned/docketed by the Clerk's Office until the following Monday morning. This is consistent with the fact that Plaintiff's counsel mailed the Complaint from Ypsilanti, Michigan on June 21st. It is reasonable to expect that a document mailed within the general Metropolitan area would reach its destination within one or two days.

Therefore, drawing all reasonable inferences in favor of the Plaintiff, *see Fields v. Howes*, 2007 WL 2178421, *3 (E.D. Mich. 2007)(Roberts, J.), I find as a matter of fact that the Petitioner's Complaint was timely filed (i.e., received by the Court) on June 23, 2006. On this basis, the Motion to Dismiss must be denied.

### B. Equitable Tolling

Even assuming, for the sake of argument, that the Complaint was not received by the Court until June 26, 2006, and was therefore filed one business day after the statute of limitations ran, the statute would, under the facts of this case, be subject to equitable tolling.

The 60-day limit set forth in 42 U.S.C. §405(g) is not jurisdictional, but is a period of limitations subject to equitable tolling. *Bowen v. City of New York*, 476 U.S. 467, 478,

106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). To benefit from the doctrine of equitable tolling, the Plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).

There is no question that in this case, the Plaintiff has diligently pursued his rights. Despite significant, unexplained delays in the administrative proceedings (following the initial denial of benefits, it took two years to get a hearing before and ALJ, and then another year to receive a perfunctory Appeals Council denial), he has completed, in a timely fashion, every other step of the process. His attorney mailed the Complaint within the limitations period, in reasonable expectation that it would arrive at the Court by June 23rd.

Further, there are "extraordinary circumstances," outside of Plaintiff's control, that justify equitable tolling. Again, it is reasonable to assume that a complaint mailed on June 21st, from a location approximately 40 miles from the courthouse, would arrive within one or two days. Delay occasioned by the Postal Service satisfies the second prong of *DiGuglielmo*. *See Fields v. Howes, supra* at *4 (a "lost letter qualifies as an extraordinary circumstance which prevented [petitioner's] timely filing"); *Washington v. Ollison*, 2007 WL 1378013, *3 (N.D.Cal. 2007) (habeas petitioner's lost mail was an "extraordinary circumstance beyond his control" supporting equitable tolling).[1]

---

[1] Given my factual determination that the Court actually received the Complaint on Friday, June 23rd, even if the operative date of filing were calculated from the actual date

-4-

For these reasons, Defendant's Motion to Dismiss must be denied.

### III.    CONCLUSION

I recommend that Defendant's Motion to Dismiss [Docket #8] be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained

---

of docketing, rather than the date the Complaint was received by the Clerk's Office, the delay between Friday and Monday was clearly not attributable to the Plaintiff, and must also be considered an "extraordinary circumstance" beyond Plaintiff's control.

within the objections.

                                      s/R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Dated: August 8, 2007

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 8, 2007.

                                      s/Susan Jefferson
                                      Case Manager